**IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

CI23-7198

Justin Riddle , )
)
      Plaintiff, )
)
v. ) Civil Action No.
)
OMAHA PUBLIC SCHOOLS, )
)
      Defendant. )

#9 FILED
District Court
DOUGLAS COUNTY, NEBRASKA
SEP 0 8 2023
CLERK DISTRICT COURT

Venue is proper in this Court pursuant to Neb. Rev. Stat. § 25-403.01 because the claim arose in Douglas County, Nebraska.

**COMPLAINT FOR VIOLATION OF FIRST AND SECOND AMENDMENT RIGHTS AND DUE PROCESS**

**I. INTRODUCTION**

1. This is a civil rights action brought under 42 U.S.C. § 1983 for violations of Plaintiff Justin Riddle's rights under the First and Second Amendments to the United States Constitution and the right to due process under the Fourteenth Amendment.

**II. PARTIES**

2. Plaintiff, Justin Riddle, is a resident of 16422 Patrick Ave, a concerned parent of both a 3-year-old nonverbal autistic child and a high school sophomore, and an active participant in school board meetings of the Omaha Public Schools.

3. Defendant, Omaha Public Schools, is a public school district located in Omaha, Nebraska.

**III. FACTUAL ALLEGATIONS**

4. On or about August 5, 2021, at Tac, Plaintiff Riddle attended a school board meeting of the Omaha Public Schools to voice concerns and opinions on matters of public interest, including the board's implementation of critical race theory (CRT) curriculum and equity programs.

5. During the meeting, when Plaintiff Riddle attempted to present evidence related to the board's CRT and equity programs, the school board president Dr. Holman shut off Plaintiff's microphone, thereby silencing Plaintiff's speech.



002611937D01

6. On subsequent occasions when Plaintiff Riddle expressed dissenting views on CRT and equity programs or raised concerns about the board's actions, the school board officials again silenced Plaintiff by turning off the microphone and having him removed from meetings.

7. Defendant, through its representatives, also blocked Plaintiff Riddle on official Omaha Public School social media accounts, thereby restricting his ability to engage in public discourse on matters of public concern.

8. In coordination with the school board, the Omaha Police Department has deployed intimidation tactics against Plaintiff Riddle and other critics of the board's policies. These tactics include home visits to critics and requesting searches without valid grounds.

9. There have also been instances of retaliation against Plaintiff Riddle and others for expressing opposing views on the board's policies, including contacting employers, making false accusations, and improperly obtaining restraining orders.

10. Plaintiff Riddle has evidence, including video recordings, screenshots, and witness testimonies, that can substantiate these claims.

11. The school board's consistent violations of the Open Meetings Act have further infringed upon Plaintiff Riddle's rights and the rights of other concerned citizens.

**IV. FIRST AMENDMENT VIOLATIONS**

**A. Silencing at Public Meetings**

12. The actions of the Defendant during public school board meetings, as described above, constitute a violation of Plaintiff Riddle's First Amendment rights.

13. By silencing Plaintiff Riddle during meetings, falsely accusing him of making threats, and improperly obtaining a restraining order following his criticism of board policies, Defendant has retaliated against Plaintiff Riddle for exercising his First Amendment rights.

**B. Restriction on Digital Public Forum**

14. Public officials' social media accounts, when used for official purposes, are considered public forums under the First Amendment. Blocking individuals based on their viewpoints is a form of viewpoint discrimination and is thus unconstitutional.

15. Plaintiff's engagement on these social media platforms was on matters of public concern. By blocking Plaintiff on official Omaha Public School social media accounts, Defendant effectively silenced and excluded Plaintiff from participating in public discourse.

16. The act of blocking Plaintiff from official social media accounts has a chilling effect, deterring Plaintiff and others from exercising their First Amendment rights for fear of retaliation or exclusion.

**C. Chilling Effect of Police Involvement**

17. The involvement of the Omaha Police Department, in coordination with the school board's actions, serves as an intimidation tactic against Plaintiff Riddle and other critics. This action further chills and deters them from exercising their First Amendment rights.

18. The use of law enforcement in this manner, without a clear and present threat or valid reason, infringes upon Plaintiff's right to free speech and creates an atmosphere of fear and self-censorship.

19. Defendant's coordination with the Omaha Police Department to intimidate dissenters also violates Plaintiff Riddle's First Amendment rights by chilling his speech.

**V. SECOND AMENDMENT VIOLATIONS**

20. As a direct result of the protection order obtained by the Defendant in coordination with the Omaha Police Department, which relied upon false allegations against Plaintiff Riddle, he was compelled to relinquish possession of his legally owned firearms without due process.

21. This improper deprivation of Plaintiff Riddle's Second Amendment rights was the direct result of the conspiracy between the school board and police to retaliate against and silence critics.

**VI. DUE PROCESS VIOLATIONS**

22. The conspiracy between Defendant and the Omaha Police Department led to the improper restraining order against Plaintiff Riddle, which deprived him of his Second Amendment rights without due process.

23. Plaintiff Riddle was denied notice and a hearing, and the order relied on false allegations, violating Plaintiff's right to due process under the Fourteenth Amendment.

**VII. CONSPIRACY**

24. The facts alleged show coordination between Defendant school board and the Omaha Police Department to deprive Plaintiff Riddle of his constitutional rights in retaliation for his criticism of board policies.

25. The school board defendants worked jointly with police officials to improperly obtain a restraining order and confiscate Plaintiff Riddle's firearms in violation of his First, Second, and Fourteenth Amendment rights.

26. These coordinated actions constitute a conspiracy to violate Plaintiff Riddle's civil rights under 42 U.S.C. § 1983.

**VIII. DAMAGES**

27. As a direct result of the Defendant's actions, Plaintiff has suffered and continues to suffer significant harm, including but not limited to:

a. Emotional distress and mental anguish;

b. Loss of property, specifically the deprivation of legally owned firearms;

c. Damage to reputation;

d. Loss of the ability to participate in public discourse and civic duties;

e. The chilling effect of being deterred from exercising First Amendment rights due to fear of retaliation or exclusion;

f. Infringement of fundamental constitutional rights, including free speech and bearing arms.

**IX. ANTICIPATED MOTIONS TO DISMISS**

32. Plaintiff anticipates that Defendant may file a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. However, Plaintiff's Complaint satisfies the pleading standards set forth in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Complaint provides Defendant fair notice of the claims and the grounds upon which they rest and sets forth sufficiently detailed factual allegations that plausibly suggest Plaintiff is entitled to relief.

33. Defendant may also argue that Plaintiff lacks standing. However, Plaintiff has pled an injury in fact that is concrete, particularized, and actual or imminent, traceable to Defendant's actions, and redressable by a favorable court decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). The deprivations of Plaintiff's First and Second Amendment rights qualify as injuries in fact.

34. Defendant could contend that Plaintiff's claims are barred by the statute of limitations. However, § 1983 claims borrow the state statute of limitations for personal injury claims, which is 4 years in Nebraska. See Wilson v. Garcia, 471 U.S. 261 (1985). Plaintiff's claims accrued less than 4 years ago and are thus timely.

35. Sovereign immunity does not bar Plaintiff's claims, as school districts are not an arm of the state entitled to Eleventh Amendment immunity. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). Qualified immunity also does not apply because Plaintiff's rights were clearly established.

36. Plaintiff has sufficiently alleged municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) by asserting an unconstitutional policy, custom, or failure to train on the part of Defendant.

37. In sum, Plaintiff has pleaded valid, timely claims upon which relief can be granted. Any motion to dismiss would lack merit and should be denied. Plaintiff stands ready to further brief any of these issues should Defendant move to dismiss.

**X. REQUESTS FOR RELIEF**

Plaintiff Riddle respectfully requests:

A. A declaration that his constitutional rights were violated through the conspiracy between Defendants.

B. An injunction prohibiting further infringement of his rights.

C. Compensatory damages for the harms suffered.

D. Punitive damages to deter similar conduct in the future.

E. Attorney's fees and costs.

F. Any other appropriate relief.

**X. JURY DEMAND**

For the foregoing reasons, the Plaintiff respectfully requests that any motion to dismiss brought by the Defendant be denied, and that the Plaintiff be allowed to proceed with their claims to seek justice and redress for the injuries suffered by Jury trial.

In light of the Plaintiff's recent successful appeal before the Nebraska Supreme Court, it is evident that pursuing legal channels is often necessary to ensure fairness and justice. The Plaintiff respectfully requests that this Court consider the merits of the present case in an impartial and thorough manner, consistent with the principles of justice and equity.

Respectfully submitted,

Justin Riddle
16422 Patrick Ave
Omaha, NE
68116
402-813-2156

Justin Riddle
16422 Patrick Ave
Omaha, NE 68116

Douglas County District Court
9/14/23
Case CI 23 7198

Justin Riddle vs Omaha Public Schools

Praecipe for Summons

To: Douglas County District Court

Please issue a summons in the above mentioned case to the following:

Omaha Public Schools
3215 Cuming St
Omaha, NE 68131

I Request that the summons be served by a Douglas County Sheriff. for Personal Service

Justin Riddle
402 813 2156

#23 FILED
District Court
DOUGLAS COUNTY, NEBRASKA
SEP 14 2023
CLERK DISTRICT COURT

002612405D01

Image ID: D00876913D01

**SUMMONS**

Doc. No. 876913

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                    NE 68183

Justin Riddle v. Omaha Public Schools

Case ID: CI 23    7198

TO:   Omaha Public Schools

You have been sued by the following plaintiff(s):

   Justin Riddle

Plaintiff:          Justin Riddle
Address:            16422 Patrick Ave
                    Omaha, NE 68116
                              2
Telephone:          (402) 813-2156

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Nebraska Supreme Court Rule 2-208 requires individuals involved in a case who are not attorneys and representing themselves to provide their email address to the court in order to receive notice by email from the court about the case. Complete and return the attached form to the court if representing yourself. This document is not the same as a response to the lawsuit which must be filed as a separate document.

Date: SEPTEMBER 14, 2023    BY THE COURT: _____
                                                   Clerk

(3)

I hereby certify that this is a true copy of the original writ with all the endorsements thereon.
AARON HANSON
                Sheriff
By_____

Page 1 of 2

| Image ID: D00876913D01 | SUMMONS | Doc. No. 876913 |

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

    Omaha Public Schools
    3215 Cuming St
    Omaha, NE 68131

BY: Douglas County Sheriff
Method of service: Personal Service

You are directed to make such service within twenty days after date of issue, and show proof of service as provided by law.

Page 2 of 2

| REGISTRATION OF EMAIL ADDRESS FOR SELF REPRESENTED LITIGANT |
|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam-Clerk of District Court
1717 Harney-Separate Juvenile Court
Omaha                         NE 68183

Case ID:  D    1   CI   23      7198

Justin Riddle v. Omaha Public Schools

I am currently representing myself in the court case above.

I am not registered with the court-authorized service provider.

I must register my email address with the court before I have filed any documents in this case, or within 10 days after I received a notice from the court. This is required by Neb. Ct. R. § 2-208(C)(1).

If I do not have the ability to receive emails, I must use this form to tell the court why I cannot get email service.

☐ My email address where I will receive notices from the court for this case is:

_____

I understand that emailing documents to this email address is considered to meet legal notice requirements.

I am responsible to notify the court if I change my email address or other contact information by completing the Change of Contact Information form (DC 3:02). Neb. Ct. R. §§ 2-208(E).

☐ I do not have the ability to receive emails. The reason I cannot receive email is:

_____
_____
_____

_____         _____
Signature                              Date

_____         _____
Name                                   Street Address/P.O. Box

_____         _____
Phone                                  City/State/ZIP Code

| | | |
|---|---|---|
| STATE OF NEBRASKA } | SHERIFF #: | 23018204 |
| } § | COURT CASE #: | D01CI237198 |
| COUNTY OF DOUGLAS } | COURT DOC #: | 876913 |
| | ATTY: | D - DISTRICT COURT |

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI230007198
Transaction ID: 0020510280
Filing Date: 09/19/2023 10:00:00 PM CDT

RE: JUSTIN RIDDLE V. OMAHA PUBLIC SCHOOLS

RECEIVED DATE: SEPTEMBER 15, 2023

SERVICE ON: OMAHA PUBLIC SCHOOLS

ACTION TYPE AND PAPER TYPE: SUMMONS, SUMMONS, REGISTRATION OF EMAIL ADDRESS FOR SELF REPRESENTED LITIGANT, COMPLAINT

RETURNED: SERVED

SERVICE TYPE: COMPANY LEAVE

SERVEE: ANNE MACFARLAND

RELATIONSHIP: INTERIM SECRETARY TO THE BOARD OF EDUCATION

SERVICE DATE/TIME: SEPTEMBER 18, 2023   2:10 PM

SERVICE RECORD:

09/18/2023   02:10 PM   SERVED @ 3215 CUMING STREET OMAHA NE 68131

*/s/ Jerry E. Mohr*

JERRY MOHR
AUTHORIZED AND APPOINTED BY AARON W. HANSON, SHERIFF

| | |
|---|---|
| MAINTENANCE FEE | $2.00 |
| MILEAGE | $1.37 |
| RETURN | $6.00 |
| SERVICE | $12.00 |
| TOTAL | $21.37 |

1/1