IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN E. RIDDLE, | |
| Plaintiff, | 8:23CV455 |
| vs. | ORDER |
| OMAHA PUBLIC SCHOOLS, | |
| Defendant. | |

This matter comes before the Court after review of Plaintiff's filings asking the Court to address his "concerns" and objection to the defendant's request for an extension of time to file a responsive pleading to the complaint. See Filing Nos. 5, 7-9.

Plaintiff commenced this action in Douglas County District Court on September 8, 2023. (Filing No. 1-1). Plaintiff alleges that on August 5, 2021, he attended an Omaha Public Schools (OPS) board meeting "to voice concerns an opinions on matters of public interest, including the board's implementation of critical race theory (CRT) curriculum and equity programs," but his microphone was silenced by a school board official. Plaintiff alleges "on subsequent occasions" he was similarly silenced when "school board officials" turned off his microphone and removed him from meetings. Plaintiff further alleges OPS representatives blocked him on social media accounts. Plaintiff alleges OPS obtained a "protection order" "in coordination with the Omaha Police Department," (OPD) which required him to relinquish possession of his firearms without due process. Plaintiff alleges a conspiracy between the OPS school board and the OPD "to deprive Plaintiff Riddle of his constitutional rights in retaliation for his criticism of board policies." Plaintiff alleges violations of his First and Second Amendment rights. (Filing No. 1-1).

The defendant was served with the Complaint on September 18, 2023. (Filing No. 1-1 at p. 11). On October 17, 2023, the defendant removed the action to this court. (Filing No. 1). The deadline for the defendant to file an answer was therefore October 24, 2023. See Fed. R. Civ. P. 81(c)(2)(C) (providing that after removal, "A defendant who did not answer before removal must answer or present other defenses or objections . . . 7 days after the notice of removal is filed."). On October 18, 2023, the defendant filed a motion requesting an extension of time to November 27, 2023, to file a responsive pleading to Plaintiff's complaint. (Filing No. 3). The stated reason for the extension was the defendant's need to "gather information and consult with appropriate

parties regarding its response." (Filing No. 3). The Court entered a Text Order on October 18, 2023, granting the defendant's requested extension "[f]or good cause shown." (Filing No. 4).

On October 30, 2023, the Court received Plaintiff's "Brief in Opposition to Defendant's Motion for Extension of Time." (Filing No. 5). Plaintiff has filed subsequent documents and notices asking the Court to recognize his objection to the requested extension, although the Court already granted the extension. To the extent any of these documents may be construed as motions to reconsider the Court's Text Order at Filing No. 4, that motion is denied. Plaintiff's allegations in his Complaint take place at various times by several different individuals, most of which are not identified, beginning as early as August 5, 2021. It is certainly reasonable for the defendant to need an additional 30-days to investigate Plaintiff's allegations to prepare an informed responsive pleading, particularly where Plaintiff alleges unnamed "school board officials" and OPS "representatives" on unspecified dates took actions to silence him, and where he alleges an ongoing conspiracy between unnamed OPD officers and unnamed OPS school board members. Nothing in any of Plaintiff's filings or notices changes the Court's opinion and order that good cause existed to grant the defendant a 30-day extension of time to file a responsive pleading.

**IT IS SO ORDERED.**

Dated this 13th day of November, 2023.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge